[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPLICATION FOR ORDER TO PROCEED WITH ARBITRATION
 FACTS
The plaintiff, New Country Motor Cars, Inc. and the defendant, Clifford D. Coddington entered into an agreement dated March 9, 1999. That agreement covered numerous details of the relationship between Mr. Coddington and New Country relating to Coddington's capacity as an executive and stockholder of New Country. Paragraph II of that agreement contained the following language:
 In the event of any dispute regarding your ownership, or this letter, we both agree to go to binding arbitration, and that the arbitration will be private and confidential, and that neither of us can reveal anything related to the arbitration to any one but each other, our lawyers and the arbitrator.
Mr. Coddington's signature appears under the word "Agreed" on the bottom of the letter. CT Page 5085-a
Mr. Coddington was notified that his employment with New Country Motor Cars, Inc. had been terminated on September 3, 1999. The March 9, 1999 agreement also contained a paragraph 6 which read as follows:
 If you no longer work for Motor Cars, you'll sell your shares back to Motor Cars in exchange for cancellation of the promissory note and interest. If you've paid the promissory note, Motor Cars will repurchase the stock from you for the principal amount paid, or book value, which ever is greater.
At the hearing on this matter, the following exchange occurred between the Court and the attorney for the defendant:
 The Court: And you're not contesting that that's a legitimate document? [referring to the March 9, 1999 letter]
 Mr. Mara: I believe that if and when we ever go to arbitration I can make that argument in the context of the arbitration and not trouble the Court.
 What I'm saying, Your Honor, is this. The reason I'm contesting this motion at this point is that my client worked for the plaintiff, got fired by the plaintiff, and now the plaintiff comes to me and says we have a dispute over how much my client is going to — my client hasn't made the demand for money yet.
 DISCUSSION
The matter before the court is a somewhat confusing mix of a request for an order for arbitration pursuant to § 52-410 of the General Statutes, a request for a protective order on confidentiality pursuant to § 52-422 of the General Statutes and an application in this proceeding for a stockholder's examination of corporate documents pursuant to § 33-948 of the General Statutes. The request for the stockholder's examination of corporate documents is further complicated by the fact that the letter agreement contains the language "The arbitration will be private and confidential, and neither of us can reveal anything related to the arbitration to anyone but each other, our lawyers and the arbitrator." CT Page 5085-b
The plaintiff is claiming that the entire dispute is subject to arbitration and subject to the confidentiality language of the letter agreement. The defendant is claiming stockholder rights pursuant to § 33-948 and, apparently, is claiming the right to examine in accordance with that section without the constraints of the confidentiality contained in the arbitration agreement.
This Court finds that the defendant, Clifford D. Coddington, is a party to a written agreement for arbitrating claims and has neglected or refused to proceed without arbitration. Accordingly, pursuant to § 52-410, the Court orders Mr. Coddington to proceed with arbitration. The Court finds that the plaintiff has requested a confidentiality order as a pendente lite order pursuant to § 52-422. The Court notes that the plaintiff's proposed order goes far beyond the specific confidentiality language of the letter agreement. The Court further notes that although the plaintiff requested arbitration from the American Arbitration Association that demand is dated March 7, 2000. The demand, which was attached as Exhibit B to the plaintiff's brief of March 13, 2000, was not properly submitted as evidence at the Court's hearing on February 28, 2000. Of at least equal importance, the demand did not even exist on February 28, 2000. Since the demand for arbitration was not submitted until some seven days after the hearing on the plaintiff's motion, the Court finds that the request for the pendente lite order of confidentiality is premature. While the Court would express the hope that the parties will abide by the language of their agreement which provides "that the arbitration will be private and confidential and that neither of us can reveal anything related to the arbitration to anyone but each other, our lawyers and the arbitrator", the Court denies the request at this time. Since a request for arbitration has now been filed, the Court would have authority to fashion a future confidentiality order if the parties are unable to agree on the proper manner of confidentially handling the arbitration.
Finally, the Court comes to the defendant's pleading entitled "Cross-Application for Disclosure of Materials" pursuant to Conn. Gen. Stat. § 33-948.
§ 33-946 allows a shareholder of a corporation to inspect and copy, during regular business hours, the records of the corporation described in Section (c) of § 33-945. The statute CT Page 5085-c contains some limitations on the purposes for which the records may be copied. § 33-948 provides "If a corporation does not allow a shareholder who complies with the subsection (a) of § 33-946 to inspect and copy any records required by that subsection to be available for inspection, the Superior Court for the Judicial District . . . may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder."
The section also provides "If the Court orders inspection and copying of the records demanded, it may impose reasonable restrictions on the use or distribution of the records by the demanding shareholder."
It is not clear what procedures are necessary to enforce stockholder rights under § 33-948. It appears that these rights are normally enforced by a request for a writ of mandamus. SeeBasewood Partners LP v. NSS Bankcorp, Inc. (1998 W.L. 9476, Conn. Super.). Whatever procedures are appropriate, it does not appear to this Court that those rights can be enforced by a cross application purporting to be a request for a pendente lite order under § 52-422.
The defendant's request is not properly before the Court and the request for documents pursuant to § 33-948 is denied.
The Court will leave to another day the question of whether a request for a mandamus instituted by show cause order should be granted. The Court is aware of no authority, and the parties have cited none, dealing with the relationship between a stockholder's rights under § 33-946 and an obligation to arbitrate a dispute in confidence.
 CONCLUSION
The Court, pursuant to § 52-410, orders the defendant, Clifford D. Coddington, to arbitrate his dispute with the plaintiff, New Country Motor Cars, Inc. The Court finds that the plaintiff's request for pendente lite orders concerning confidentiality is premature and it is denied at this time. The Court finds that the defendant's cross-application for disclosure of materials pursuant to § 33-948 is not properly before this Court at this time and that request is denied. CT Page 5085-d
The Court,
Kevin E. Booth, J.